**WO**                                                                                          JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Wayne Marietta,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown LoBeu, et al.,<br><br>    Defendants. | No. CV-18-08064-PCT-MTL (CDB)<br><br><br>**ORDER** |

Pending before the Court is Plaintiff Charles Wayne Marietta's Motion for Reconsideration (Doc. 55).

**I.    Background**

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Correct Care Solutions, LLC, Sumi Erno, and Leanne LoBue asserting Eighth Amendment medical care claims. (Doc. 1.) Plaintiff alleged that while he was confined in the Arizona State Prison-Kingman between December 2015 and March 2018,[1] Defendants were deliberately indifferent to his renal stenosis, heart attack, mini-strokes, and kidney stones and delayed or denied specialist treatment. (*Id.*) On screening the Complaint, the Court determined that Plaintiff stated Eighth Amendment claims against Defendants. (Doc. 7.)

---

[1] The Arizona State Prison-Kingman (ASP-Kingman) is operated by the GEO Group, a private company, under contract with the Arizona Department of Corrections, Rehabilitation and Reentry. Correct Care Solutions provided medical care to prisoners at ASP-Kingman.

In a January 17, 2020 Order, the Court granted Defendants' Motion for Summary Judgment on the merits of Plaintiff's claims. (Doc. 45.) The Clerk of Court entered Judgment the same day. (Doc. 46.) Plaintiff filed a Notice of Appeal. (Doc. 47.) On June 25, 2021, the Ninth Circuit Court of Appeal's affirmed the Court's decision. (Doc. 53.)

**II.     Summary Judgment**

Defendants filed their Motion for Summary Judgment on March 25, 2019. (Doc. 26.) In a December 19, 2019 Order, the Court noted that the record contained no medical records, Health Needs Requests, or other documents concerning Plaintiff's medical care after he filed the Complaint, specifically, between May 16, 2018 and January 3, 2019. (Doc. 41 at 1.) The Court observed that Plaintiff had presented evidence that he submitted a Health Needs Request on January 3, 2019 regarding pain in both arms and numbness in his hands, and that he was taken to the hospital on January 4, 2019 for what Plaintiff described as a "cardiac event." (*Id.*) The Court noted that neither Plaintiff nor Defendants had submitted records of these events. (*Id.*) The Court also noted that the parties had not submitted records of Plaintiff's treatment following the January 4, 2019 hospital visit, to the extent that any such records existed. (*Id.*) The Court stated that the records were relevant to deciding the Motion for Summary Judgment and required Defendants to provide Plaintiff's relevant medical records, Health Needs Requests, and any other relevant documents from May 16, 2018 to the filing date of this Order, if any, including records of Plaintiff's January 4, 2019 hospital visit. (*Id.* at 1-2.)

On January 10, 2020, Defendants filed a Notice to the Court with Plaintiff's medical records from May 16, 2019 to January 10, 2020. (Doc. 44.) Defendants stated in the Notice that the medical records produced were "all the records to which Defendants have access," and that "[o]ther relevant records likely exist, but they are not within Defendants' custody and control." (*Id.* at 1-2.)

**III.    Plaintiff's Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff asserts that in the December 19, 2019 Order, the Court ordered Defendants to provide additional evidence to show that they were

- 2 -

treating Plaintiff's renal stenosis, carotid stenosis, and the problems with his hands and arms "months after the time for discovery had expired." (Doc. 55 at 2.) Plaintiff contends that the Court "point[ed] out" Defendants' "deficiency or reliable evidence," which "sever[e]ly prejudiced [his] claims." (*Id.*) Plaintiff asserts that the additional evidence Defendants provided on January 10, 2020 did not include any medical records that indicated treatment for his renal stenosis, carotid stenosis, or problems with his hands and arms and instead "was a duplicate of the evidence originally offered to the Court." (*Id.*) Plaintiff argues that Defendants did not "satisfy" the Court's Order to provide additional evidence relevant to the Court's decision and requests that the Court reverse its decision granting summary judgment to Defendants and grant summary judgment in favor of Plaintiff. (*Id.*)

**IV.     Discussion**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw.

1988).

This case has been closed for more than four years, and Plaintiff has unsuccessfully appealed the Court's entry of summary judgment in favor of Defendants. Plaintiff could have, but did not, file a timely Motion for Reconsideration after the Court granted Defendants' Motion for Summary Judgment. He also could have raised the issue on appeal. There is no basis for the Court to reverse a valid judgment that has been affirmed by the Ninth Circuit. The Court will therefore deny Plaintiff's Motion.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Reconsideration (Doc. 55).

(2) Plaintiff's Motion for Reconsideration (Doc. 55) is **denied**.

(3) This case must remain **closed**.

Dated this 23rd day of September, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge